# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| **CEPHAS LOGISTICS,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Civ. No. MJM-24-2540** |
| **v.** | * | |
| | * | |
| **FLS TRANSPORTATION** | * | |
| **SERVICES (USA) INC.,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Plaintiff Cephas Logistics ("Plaintiff"), a Maryland-based limited liability company ("LLC") proceeding pro se, filed this action against Defendant FLS Transportation Services (USA) Inc. ("Defendant" or "FLS"), asserting a defamation claim in connection with statements FLS allegedly posted on a freight logistics platform regarding a disputed delivery. This matter is before the Court on Defendant's Motion to Dismiss or, in the Alternative, to Strike Plaintiff's Complaint. ECF No. 6. The motion is fully briefed and ripe for disposition. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons set forth below, the Court shall grant the motion and dismiss this action.

## I.       BACKGROUND

Plaintiff filed its Complaint in the Circuit Court for Harford County, Maryland, ECF No. 3, and Defendant removed the suit to this Court. ECF No. 1. In the Complaint, Plaintiff alleges that FLS made false and damaging statements through Carrier 411 indicating that Plaintiff's driver

1

had misrouted and held a shipment "hostage." ECF No. 3 at 1–2. According to Plaintiff, these statements injured its reputation in the freight brokerage industry and resulted in approximately $500,000 in lost revenue. *Id.*.

FLS moved to dismiss, arguing the case must be dismissed under Rule 12(b)(3) of the Federal Rules of Civil Procedure for improper venue pursuant to a mandatory forum-selection clause in the parties' Broker-Carrier Agreement. ECF 6-1 at 3–5. Alternatively, FLS moves to strike the Complaint under Rule 11 of the Federal Rules of Civil Procedure and Local Rule 101.1(a) because Cephas Logistics, an LLC, is not represented by licensed counsel. *Id.* at 4–5.

The Broker-Carrier Agreement, electronically accepted by Plaintiff's owner Boakai Boker, contains a forum-selection clause requiring that all disputes "pertaining to this Agreement and/or the subject matter hereof" be brought exclusively in the State or Federal Courts of Floyd County, Georgia; Fulton County, Georgia; or Jackson County, Missouri. ECF 6-1 at 3; ECF No. 6-5, ¶ 12(A). FLS maintains that Plaintiff agreed to these terms as a condition when Plaintiff accepted the contract and that they apply to the present defamation claim.

Plaintiff filed a response in opposition arguing that it "never agreed to be bound by the terms of a Broker-Carrier Agreement with FLS because [it] has never done business with FLS. . . ." ECF No. 7 at 1–2.

## II.    STANDARD OF REVIEW

A motion to dismiss for improper venue under Rule 12(b)(3) is the appropriate procedural mechanism for enforcing a forum-selection clause. *See Atlantic Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 55 (2013). Courts may consider evidence outside the pleadings, and the burden rests with the plaintiff to demonstrate that venue is proper. *See Silo Point II LLC v. Suffolk Constr. Co.*, 578 F. Supp. 2d 807, 809 (D. Md. 2008); *Ademiluyi v. Nat'l Bar*

*Ass'n*, No. GJH-15-02947, 2016 WL 4705536, at *2 (D. Md. Sept. 8, 2016) (citing *Jones v. Koons Auto. Inc.*, 752 F. Supp. 2d 670, 679 (D. Md. 2010)).

Separately, Local Rule 101.1(a) requires that "all parties other than individuals must be represented by counsel." A complaint signed and filed by a non-attorney on behalf of a corporate entity violates both Local Rule 101.1(a), and, under Rule 11(a), an unsigned document must be stricken unless promptly corrected.

## III.     DISCUSSION

### A. Venue is Improper in This District

The Broker-Carrier Agreement includes a mandatory forum-selection clause, which provides:

> For Carrier(s) based in the United States, this Agreement will be governed by the laws of the State of Georgia. The parties irrevocably stipulate and agree that *any lawsuit pertaining to this Agreement and/or the subject matter hereof* shall only be filed in the State or Federal Courts of Floyd County, Georgia; Fulton County, Georgia; or Jackson County, Missouri. In the event any lawsuit is filed, each party hereto hereby submits itself/himself/herself to the personal jurisdiction of such Court(s) and acknowledges that venue is appropriate in such Court(s) and that such Court(s) shall have exclusive subject matter and personal jurisdiction regarding any claims relating to this Agreement and/or the subject matter hereof.

ECF No. 6-1 at 3; ECF No. 6-5, ¶ 12(A) (emphasis added). In sum, the forum-selection clause sets out that that disputes may be litigated only in designated state or federal courts in Georgia or Missouri. ECF No. 6-1 at 3; ECF No. 6-5, ¶ 12(A). Forum-selection clauses are presumptively valid and should be enforced unless shown to be unreasonable. *Pee Dee Health Care v. Mark Sanford*, 509 F.3d 204, 213–14 (4th Cir.2007) ("A forum-selection clause is 'prima facie valid and should be enforced unless enforcement is shown by the resisting party to be "unreasonable" under the circumstances.'") (quoting *M/S Bremen v. Zapata Off—Shore Co.*, 407 U.S. 1, 10 (1972)).

Plaintiff alleges that FLS defamed it by making false statements about its performance during a delivery assignment. ECF No. 3 at 1–2. Plaintiff's eligibility to receive freight assignments and participate in FLS's logistics platform was governed by the Broker-Carrier Agreement. The Court finds that this claim arises from Plaintiff's provision of transportation services under the Broker-Carrier Agreement and therefore falls within the subject matter governed by the contract's forum-selection clause. Plaintiff's argument that it never signed any agreement with FLS is undermined by Exhibit D, which establishes that the Broker-Carrier Agreement was electronically accepted by Plaintiff's owner Boakai Boker. ECF No. 6-5 at 3. Further, Plaintiff has offered no argument or evidence that the clause is the product of fraud or is otherwise unenforceable. Nor does Plaintiff argue that transferring the case would better serve the interests of justice. In the absence of such a showing, enforcement of the mandatory forum-selection clause is appropriate. *See Atlantic Marine*, 571 U.S. at 63–64.

### B. Plaintiff Is Not Represented by Counsel

Even if venue were proper, this Court could not accept Plaintiff's Complaint. Plaintiff is a limited liability company, not an individual. Its Complaint was signed and filed by Boakai Boker, who is not a licensed attorney and may not represent the company in federal court. ECF Nos. 6-3, 6-4; Loc. R. 101.1(a) (D. Md. 2023); Fed. R. Civ. P. 11(a). Federal courts have consistently held that a business entity may not appear pro se. *See Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *Williams v. Dee Miracle Auto Grp., LLC*, Civ. No. ELH-15-02466, 2016 WL 363829 (D. Md. Jan. 29, 2016), at *2 (collecting cases).

**IV.     CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 6, is granted. Because the forum selection clause renders this District an improper venue for Plaintiff's claims under any circumstances, the Complaint is dismissed without prejudice. A separate Order will follow.


_____9/18/25_____                              _____/S/_____
                                               Matthew J. Maddox
                                               United States District Judge